# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Darius James,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) 1:09cv1300 (JCC/TRJ) |
| | ) |
| **Brinkley, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Darius James, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants unconstitutionally charged him with felony escape when they did not similarly charge other inmates and that defendants failed to protect plaintiff from threats by other inmates. Plaintiff has also requested to proceed in forma pauperis. By Order dated December 22, 2009, plaintiff was directed to particularize and amend his complaint by describing specifically the conduct of each named defendant and the facts leading to the alleged violation of plaintiff's constitutional rights. Plaintiff was also directed to submit a statement verifying that he had exhausted his administrative remedies. Plaintiff responded on January 21, 2010, and in addition plaintiff filed a Motion to Appoint Counsel and a Motion to Terminate Deputy Whedbee as a defendant. After reviewing plaintiff's amended complaint, the claims against defendants must be dismissed. Claim 1 will be dismissed because this claim must be brought in a habeas corpus action, not pursuant to § 1983, and Claim 2 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which

# I. Background

Plaintiff, an inmate currently confined at the Eastern Shore Regional Jail, escaped from the Portsmouth Work Center on September 3, 2009, where he had been confined. He was gone for almost three weeks. Upon recapture, plaintiff was charged with felony escape without force, a criminal offense, and was sentenced to 285 days of disciplinary housing. In Claim 1 plaintiff, who is black, alleges that defendants violated the Equal Protection Clause of the Fourteenth Amendment when they did not similarly punish white inmates who escaped before and after plaintiff did. Plaintiff filed grievances regarding this claim, and in a response to one grievance an officer explained that the other escaped inmates were missing for less than three weeks. In Claim 2, plaintiff states that he was threatened by other inmates because officials told the inmates that plaintiff "snitched" about drug activity at the correctional center. Plaintiff claims that his reputation has been ruined as a result. As relief for Claim 1, plaintiff seeks an order from this Court dismissing his felony escape charge and "reimburse[ment] . . . for any legal fees pertaining to this action." As relief for Claim 2, plaintiff seeks an award of $15,000 in damages for defamation and for endangering plaintiff's safety.

---

a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## II. Claim 1

Where, as in Claim 1, a plaintiff attacks the fact or duration of confinement, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). See generally Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). As the Supreme Court has noted, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997) (recognizing a valid § 1983 claim when the procedural claim at issue does not call into question the lawfulness of plaintiff's continuing confinement). In the instant case, should this Court grant plaintiff's desired relief in Claim 1, it would immediately call into question his felony escape conviction and his resulting confinement in disciplinary housing. As such, this claim should be brought as a habeas petition. To pursue a § 1983 claim for damages, plaintiff must file a habeas corpus petition pursuant to 28 U.S.C. § 2254 after first exhausting his state court remedies by presenting his claims to the Supreme Court of Virginia in a state petition for writ of habeas corpus.

## III. Claim 2

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

In Claim 2, plaintiff alleges that defendants informed other inmates that plaintiff had "snitched" by reporting drug activity at the correctional center to officials, and that plaintiff was threatened as a result and his reputation was "ruined." To the extent that plaintiff alleges a tort claim of harm to his reputation, § 1983 provides a vehicle for the vindication of federally-protected rights, not rights arising under and secured by state law. See Weller v. Dep't of Social Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990). Therefore, plaintiff's claim of the tort of harm to his reputation, without more, cannot be pursued through a § 1983 lawsuit but rather must be pursued through a state law cause of action.

Regarding plaintiff's claim that inmates threatened him, it is well-settled that the Eighth Amendment obligates prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted). In other words, a prisoner has a "constitutional right 'to be reasonably protected from the constant threat of violence and sexual assault from his fellow

4

inmates . . . .'" Withers v. Levine, 615 F.2d 158, 161 (4th Cir. 1980) (quoting Woodhouse v. Virginia, 487 F.2d 889 (4th Cir. 1973)). Thus, prison officials must "take reasonable measures to guarantee the safety of other inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see also Winfield v. Bass, 106 F.3d 525 (4th Cir. 1997). A prisoner alleging that prison officials failed to protect him from another inmate must allege facts sufficient to show that (i) the prisoner was incarcerated under conditions posing a substantial risk of serious harm and (ii) the defendants were deliberately indifferent to those conditions. Farmer, 511 U.S. at 834. Moreover, pursuant to 42 U.S.C. § 1997e, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, plaintiff has shown no substantial risk of serious harm. Moreover, plaintiff has alleged no injury other than his damaged reputation. Finally, the responses to grievances submitted by plaintiff as exhibits reveal that plaintiff was in disciplinary housing during the time the alleged threats were made, "there's no one that ha[d] access to [plaintiff]" during that time. Am. Compl. Exh. 1 at 5. Thus, plaintiff was not incarcerated under conditions posing a substantial risk of serious harm, and defendants did not violate plaintiff's Eighth Amendment rights.

## IV. Plaintiff's Motions

Finally, plaintiff has filed a Motion to Appoint Counsel and a Motion to Terminate Deputy Whedbee from the action. A court may request an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Fourth Circuit, however, has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as cases with particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). It is

unnecessary at this time to appoint counsel for plaintiff, as plaintiff has made no showing of "exceptional circumstances" in his case that would warrant appointment of counsel. In addition, to date, plaintiff has ably filed his pleadings and replied to an order, as well as demonstrated comprehension of the procedures and laws of this Court. Thus, plaintiff's request for the appointment of counsel will be denied. As the case will be dismissed, plaintiff's Motion to Terminate Deputy Whedbee from the action will be denied as moot.

Accordingly, it is hereby

ORDERED that Claim 1 be and is DISMISSED WITHOUT PREJUDICE to plaintiff's ability to bring a § 2254 action following exhaustion of his state court remedies; and it is further

ORDERED that Claim 2 be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may resubmit Claim 1 to this Court in a 28 U.S.C. § 2254 petition after he has exhausted the claim at the Supreme Court of Virginia; and is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions;[3] and it is further

---

[2] 28 U.S.C. § 1915(g), also known as the three-strikes rule, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[3] The instant filing counts as a "strike" pursuant to § 1915(g), even though the complaint was dismissed partially without prejudice. See Pointer v. Wilkinson, 502 F.3d 369, 374 (6th Cir. 2007) (finding that "the congressional purpose of § 1915(g) would be subverted if, by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted, a prisoner could repeatedly escape imposition of a strike and thus evade the bar imposed by the three-strikes rule"); see also Patton v. Jefferson Correctional Center, 136 F.3d

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (see Docket # 2) be and is DENIED as moot; and it is further

ORDERED that plaintiff's Motion to Appoint Counsel (Docket # 11) be and is DENIED; and it is further

ORDERED that plaintiff's Motion to Terminate Deputy Whedbee (Docket # 12) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this __31st__ day of __MARCH__ 2010.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

---

458, 464 (5th Cir. 1998) (counting as a strike the dismissal of a § 1983 complaint which raised a habeas claim because "[a]lthough the dismissal without prejudice of the habeas claim does not equate to a finding of frivolousness, it more closely parallels such a conclusion than it does a determination of non-frivolousness").